IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jerome Addison,<br><br>       Plaintiff,<br>  v.<br><br>Julie J. Armstrong,<br><br>       Defendant. | Case No. 2:24-cv-3623-RMG<br><br>**ORDER AND OPINION** |

    Before the Court is the report and recommendation (R&R) of the Magistrate Judge recommending Plaintiff's case be dismissed. (Dkt. No. 14). Plaintiff did not file objections to the report despite the Court extending the deadline twice. For the reasons set forth below, the Court adopts the R&R as the Order of the Court and dismisses Plaintiff's action. (Dkt. No. 14).

    **I.    Background**

    Plaintiff Jerome Addison filed a "Civil Action Complaint" asserting that it was "a 1983 action." (Dkt. No. 1). In it, Plaintiff alleges that criminal charges of assault and battery with intent to kill were nolle prossed in 1987 but that Defendant Julie J. Armstrong nevertheless "made entry of subsequent indictment" in 1997. (*Id*. at 2; *see also* Dkt. Nos. 1-1, 1-2). Plaintiff alleges that this constituted double jeopardy and for his relief, Plaintiff seeks release from custody. (Dkt. No. 1, at 2). Because of the relief sought, the Magistrate Judge concluded that this action is seeking habeas corpus relief under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). The Magistrate Judge instructed Plaintiff to "notify the Court as to whether he intends to proceed with this action

1

pursuant to 42 U.S.C. § 1983 or as a petition seeking a writ of habeas corpus under 28 U.S.C. § [2254]." (Dkt. No. 7, at 1-2). Plaintiff then filed both a standard civil rights complaint form, and a standard form petition seeking a writ of habeas corpus and failed to indicate whether he wishes to proceed with the action pursuant to 42 U.S.C. § 1983 or as a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (Dkt. Nos. 1-3, 1-4).

**II.     Legal Standard**

**A.  Review of R&R**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

**III.    Discussion**

Upon review of the record and case law in this Circuit, the Magistrate Judge correctly determined that Plaintiff's filed documents constitute a petition for a writ of habeas corpus under § 2254 and that Plaintiff's claims are subject to summary dismissal. (Dkt. No. 14). The Magistrate

Judge also recommends granting Plaintiff's motion for leave to proceed in forma pauperis. (Dkt. No. 10).

Under § 2254, a federal court may issue a writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Anti-Terrorism and Effective Death Penalty Act of 1996 amended 28 U.S.C. § 2254 to establish that "an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals." *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (footnote omitted) (citing *Felker v. Turpin*, 518 U.S. 651 (1996)). To be considered "successive," the second or subsequent petition must be an attack on the same conviction attacked in the first petition, and the first petition must have been adjudicated on the merits. *See In re Williams*, 444 F.3d 233, 236 (4th Cir. 2006).

Plaintiff has filed at least four prior habeas actions to challenge his state court criminal conviction and sentence. Plaintiff filed a habeas action pursuant to § 2254 at case number 2:00-cv-2557, and this Court dismissed that action with prejudice on August 7, 2001, granting summary judgment to the Respondent. *See Addison v. State of S.C.*, 2:00-cv-2557-12AJ (D.S.C. Aug. 7, 2001), Dkt. No. 34 (adopting the R&R at Dkt. No. 23). Plaintiff also filed subsequent habeas actions pursuant to § 2254 at case numbers 2:02-cv-2271, 2:05-cv-3479, 2:08-cv-3717, and 8:20-cv-4010, and this Court dismissed each of those actions as unauthorized successive petitions. The petition at case number 2:00-cv-2557 was dismissed on the merits, making the present Petition, which attacks the same conviction, successive for purposes of 28 U.S.C. § 2244(b).

3

Section 28 U.S.C. § 2244(b)(2) allows petitioners to bring a successive § 2244 action once a court of appeals has authorized it. Because it appears that Plaintiff did not obtain authorization from the Fourth Circuit Court of Appeals to file the instant Petition, this Court does not have jurisdiction to consider it. *See United States v. Winestock*, 340 F.3d 200, 205–06 (4th Cir. 2003).

### IV.    Conclusion

In light of the foregoing, the Court **ADOPTS** the R&R as the Order of the Court (Dkt. No. 14), **GRANTS** Plaintiff's motion for leave to proceed in forma pauperis and **DISMISSES** Plaintiff's action without prejudice.

**AND IT IS SO ORDERED.**

                                                            _s/ Richard Mark Gergel_
                                                            Richard Mark Gergel
                                                            United States District Judge

October 24, 2024
Charleston, South Carolina