UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Jerome Addison, | ) | C/A No. 2:24-cv-3623-RMG-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Julie J. Armstrong, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

   This matter is before the Court on Plaintiff's Motion for Relief from Judgment. ECF No. 29. Plaintiff filed this matter *pro se* and was granted *in forma pauperis* status in this civil action against the above-named Defendant. Pursuant to 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B) (D.S.C.) and the Order of Referral dated April 28, 2025 (ECF No. 30), the undersigned United States Magistrate Judge is authorized to review the pleadings for relief and submit findings and recommendations to the district court. For the reasons below, Plaintiff's Motion should be denied.

## BACKGROUND

**Procedural History**

   Plaintiff[1] commenced this action by filing a hand-written, two-page document captioned as a "Civil Action Complaint," asserting that "[t]his is a 1983 action." ECF No. 1 at 1. As such, the Clerk of Court opened the case as a civil rights action under 42 U.S.C. § 1983 and entered Plaintiff's document as the Complaint filed in this matter. *Id.* In that document, Plaintiff alleged

---

[1] Plaintiff is a "frequent filer" who has filed more than thirty cases in this Court, many of which have presented similar claims to those raised in the present case.

that certain criminal charges were nolle prossed in 1987 but that Defendant nevertheless "made entry of subsequent indictment" in 1997. *Id.* at 2. Plaintiff alleged that Defendant's conduct constituted double jeopardy and, for his relief, Plaintiff sought release from custody. *Id.*

Because Plaintiff's hand-written pleading appeared to challenge his South Carolina state conviction and sought release from incarceration, the Honorable Bristow Marchant, United States Magistrate Judge, concluded that the action may be seeking habeas corpus relief under 28 U.S.C. § 2254.[2] ECF No. 7 at 1. As such, by Order dated June 25, 2024, Plaintiff was instructed as follows:

> Plaintiff must notify the Court as to whether he intends to proceed with this action pursuant to 42 U.S.C. § 1983 or as a petition seeking a writ of habeas corpus under 28 U.S.C. § [2254]. Additionally, Plaintiff must bring the case into proper form by filing the appropriate information and paperwork for a civil rights action or a habeas action, depending on what type of lawsuit he intends to bring.

ECF No. 7 at 1–2 (footnotes omitted). Plaintiff failed to specifically indicate whether he wished to proceed with this action pursuant to 42 U.S.C. § 1983 or as a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. In response to the Court's Order, Plaintiff filed **both** a standard civil rights complaint form, ECF No. 1-3, and a standard form petition seeking a writ of habeas corpus, ECF No. 1-4. Both forms were partially completed and failed to provide significant additional information as to Plaintiff's purported claims.

---

[2] *See In re Wright*, 826 F.3d 774, 779 (4th Cir. 2016) ("[R]egardless of how they are styled, federal habeas petitions of prisoners who are 'in custody pursuant to the judgment of a State court' should be treated as 'applications under section 2254.'"); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

Thereafter, Magistrate Judge Marchant entered a Report and Recommendation dated July 31, 2024, recommending that the district court summarily dismiss the action. ECF No. 14. Magistrate Judge Marchant concluded that the action should be construed as seeking habeas relief under 28 U.S.C. § 2254 and should be dismissed as an unauthorized successive petition. *Id*. at 6. Despite being given extensions of time to file objections (*see* ECF Nos. 17; 20), Plaintiff did not file any objections to the Report and Recommendation. On October 24, 2024, the Honorable Richard M. Gergel adopted the Report and Recommendation as the Order of the Court and dismissed Plaintiff's action without prejudice. ECF Nos. 23; 24.

On April 21, 2025, Plaintiff filed a Motion for Relief from Judgment, along with an affidavit and document in support.[3] ECF Nos. 29; 29-1; 29-2. On April 28, 2025, Judge Gergel referred the Motion to the undersigned United States Magistrate Judge for consideration. The Court has reviewed each of Plaintiff's filings. This matter is ripe for disposition on Plaintiff's Motion for Relief from Judgment.

## STANDARD OF REVIEW

Because Plaintiff is a *pro se* litigant, his pleadings and filings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even under this less stringent standard, the *pro se* pleadings are subject to review and, if appropriate, summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but the Court may not rewrite *pro se* pleadings to include claims or arguments that were never presented, *Barnett v. Hargett*, 174

---

[3] The document submitted in support of the Motion (ECF No. 29-2) is the same document submitted as Exhibit A to the original petition (ECF No. 1-1) and is dated May 6, 1987.

F.3d 1128, 1133 (10th Cir. 1999). Nor should the Court construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

In the Motion for Relief from Judgment (ECF No. 29), Plaintiff asserts:

> This is a Rule 60(b)(3) action filed by [Plaintiff] alleging subornation of perjury in a civil action seeking declaratory judgment and injunctive relief.

*Id*. at 1. Plaintiff explains he is presently confined in South Carolina. *Id*. He asserts that Defendant, as a Clerk of Court, should "make a full correct entry and record of the Court and other matters pertaining to his office in various books required to [be] kept, conforming to [the] mode prescribed by law [or] order of the court." *Id*. Plaintiff purports to cite to obligations regarding deputy clerks of court from S.C. Code § 14-17-60. *Id*. at 2. Plaintiff contends that, on May 6, 1987, the prosecution made entry to nolle pross indictment number 87-gs-00-0193 at case number 084632. *Id*. For his relief, Plaintiff asks that the Court (1) "issue declaratory judgment that Defendant violated the laws of this state and the United States Constitution when he violated prohibitions against subornation of perjury" and (2) "issue an injunction order that Defendants or their agent refrain from all orders in the matter of case no. 08632."

In his Motion, Plaintiff cites Rule 60(b)(3). Rule 60(b) which permits a court "on motion and just terms" to "relieve a party . . . from a final judgment, order, or proceeding." Fed. R. Civ.

4

P. 60(b).  For relief under subpart (b)(3), the movant must show "fraud . . ., misrepresentation, or misconduct by an opposing party".  Fed. R. Civ. P. 60(b)(3).

To obtain relief under Rule 60(b), "a party must demonstrate (1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances."  *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017).  "After a party has crossed this initial threshold, he [or she] then must satisfy one of the six specific sections of Rule 60(b)."  *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (citing *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)).  Those six enumerated reasons are as follows:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  "The general purpose of the rule . . . is to make an exception to finality." *Waetzig v. Halliburton Energy Services, Inc.*, 145 S. Ct. 690, 694 (2025), (internal quotation marks omitted).  As the Supreme Court observed, "[t]he Rule attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done." *Id.* (internal quotation marks and citation omitted).  As such, motions for relief under Rule 60(b)

"must be made within a reasonable time—and, when based on reasons such as excusable neglect, can be made "no more than a year after the entry of judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). The remedy of reopening a case under Rule 60(b) is "only to be invoked upon a showing of extraordinary circumstances." *Compton v. Alton S.S.Co., Inc.*, 608 F.2d 96, 102 (4th Cir. 1979).

Plaintiff has not shown that Rule 60(b) relief is warranted and offers no reason to justify reopening this matter under Rule 60(b). Plaintiff's Motion simply restates the allegations from his original pleadings. Plaintiff's reference to the allegations from his original pleadings are insufficient to satisfy the "extraordinary circumstances" requirement.

Plaintiff expressly references "fraud" under subpart (b)(3) of Rule 60 as the enumerated reason for relief. "To succeed on a Rule 60(b)(3) motion, the movant must 'demonstrate the existence of a meritorious claim . . . [and] must also prove the misconduct complained of by clear and convincing evidence and demonstrate that such misconduct prevented him from fully and fairly presenting his claim or defense.'" *Mitchell v. Rivera*, C/A No. 4:13-cv-1949-TMC, 2015 WL 12867811, at *2 (D.S.C. Oct. 13, 2015) (citation omitted), *aff'd*, 653 F. App'x 784 (4th Cir. 2016). Plaintiff does not identify any fraud, misrepresentation, or misconduct by an opposing party which led to the entry of the judgment. *Id.* (explaining the "adverse party" contemplated by Rule 60(b)(3)—i.e., the opposing party in the litigation—"must be the author of any fraud"); *see also Sherman v. Verizon Va., Inc.*, 220 F.R.D. 260, 262 (E.D. Va. 2002) (holding that relief under Rule 60(b)(3) was unavailable to plaintiff claiming fraud or misconduct by her former attorney who was not an adverse party, and that the adverse party (i.e., opposing party in the litigation) "must be the author of any fraud, misrepresentation, or misconduct" relied on for Rule 60(b)(3) relief); *Zahariev v. Hartford Life & Accident Ins. Co.*, C/A No. 9:20-cv-1072-RMG, 2022 WL

620600, at *4 (D.S.C. Feb. 18, 2022), *aff'd*, No. 22-1209, 2023 WL 1519520 (4th Cir. Feb. 10, 2023).  Nor has Plaintiff demonstrated by clear and convincing evidence than any misconduct prevented him from fully and fairly presenting his claims in the present action.  Instead, Plaintiff appears to premise his fraud argument on his belief that his underlying conviction was fraudulently induced.  However, "the narrow confines of fraud on the court doctrine have never permitted claimants to relitigate old claims they have lost, simply because a better prior case presentation might have resulted in an earlier success." *Fox ex rel. Fox v. Elk Run Coal Co.*, 739 F.3d 131, 139 (4th Cir. 2014).

Additionally, Plaintiff has not presented any basis to support a finding under any of the other enumerated reasons in Rule 60(b).  Having reviewed the entire record before the Court, the undersigned is unable to discern any reasons to show that one of the enumerated criteria are satisfied under Rule 60(b) or that Plaintiff can satisfy the threshold requirements which "obligate a party to demonstrate '(1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances.'" *Nationwide Mut. Fire Ins. Co. v. Wright*, C/A No. 3:22-cv-1521-MGL, 2025 WL 346090, at *4 (D.S.C. Jan. 30, 2025) (quoting *Wells Fargo Bank*, 859 F.3d at 299).

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing, it is recommended that the district court **DENY** Plaintiff's Motion for Relief from Judgment.[4]

**IT IS SO RECOMMENDED**.

s/William S. Brown
United States Magistrate Judge

April 29, 2025
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

---

[4] If the case is reopened, further review of the pleadings will be necessary under established local procedure in this District to determine whether service of process should be authorized.

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).