IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jerome Addison,<br><br>        Plaintiff,<br>    v.<br><br>Julie J. Armstrong,<br><br>        Defendant. | Case No. 2:24-cv-3623-RMG<br><br>**ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending this action be dismissed without prejudice. (Dkt. No. 33). Plaintiff did not file objections to the R&R. For the reasons set forth below, the Court adopts the R&R as the Order of the Court and denies Plaintiff's motion.

**I.    Background**

Plaintiff Jerome Addison filed a civil action complaint asserting it was an action pursuant to 42 U.S.C. § 1983. (Dkt. No. 1). In it, Plaintiff alleged that criminal charges of assault and battery with intent to kill were nolle prossed in 1987 but that Defendant Julie J. Armstrong nevertheless "made entry of subsequent indictment" in 1997. (*Id*. at 2; *see also* Dkt. Nos. 1-1, 1-2). Plaintiff alleged that this constituted double jeopardy and for his relief, Plaintiff sought release from custody. (Dkt. No. 1, at 2). Because of the relief sought, the Magistrate Judge concluded that the action sought habeas corpus relief under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). The Magistrate Judge instructed Plaintiff to "notify the Court as to whether he intends to proceed

1

with this action pursuant to 42 U.S.C. § 1983 or as a petition seeking a writ of habeas corpus under 28 U.S.C. § [2254]." (Dkt. No. 7, at 1-2). Plaintiff then filed both a standard civil rights complaint form and a standard form petition seeking a writ of habeas corpus and failed to indicate whether he wished to proceed with the action pursuant to 42 U.S.C. § 1983 or as a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (Dkt. Nos. 1-3, 1-4).

On July 31, 2024, the Magistrate Judge entered a Report and Recommendation to this Court to summarily dismiss the action. (Dkt. No. 14). Plaintiff did not file any objections and this Court adopted the Report and Recommendation as the Order of the Court and dismissed Plaintiff's action without Prejudice. (Dkt. No. 23).

On April 21, 2025, Plaintiff filed a Motion for Relief from Judgment under Rule 60(b)(3). On April 29, the Magistrate Judge entered a Report and Recommendation to this Court to deny the Plaintiff's motion. (Dkt. No. 33). Plaintiff did not file an objection.

## II.    Legal Standard

### A. Review of R&R

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in

2

the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### B. Relief from Judgment

In his Motion, Plaintiff cites Federal Rule of Civil Procedure 60(b)(3) saying, "This is a Rule 60(b)(3) action filed by [Plaintiff] alleging subornation of perjury in a civil action seeking declaratory judgment and injunctive relief." (Dkt. No. 29 at 1).

Rule 60(b) provides six grounds for relief including, in relevant part: "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:…(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of judgment or order or the date of the proceeding." Rule 60(c)(1).

"Under Fourth Circuit jurisprudence, a movant seeking relief under Rule 60(b) must first make four threshold showings before the court will even consider the six itemized grounds of relief enumerated above." *Coomer v. Coomer*, 217 F.3d 383 (Table), 2000 WL 1005211, at *4 (4th Cir. July 20, 2000) (per curiam). "The four threshold showings are: (1) timeliness (i.e., the request for relief must be filed no later than one year after the date of the order from which the movant seeks relief); (2) a meritorious defense (i.e., the moving party must show that, if relieved from the order and given another chance to litigate the underlying issues, he will have meritorious arguments to deflect the opposing party's claims); (3) a lack of unfair prejudice to the opposing party; and (4) exceptional circumstances." *Id*. (citing *Dowell v. State Fire & Cas. Auto. Ins. Co*., 993 F.2d 46, 48 (4th Cir. 1993) (italics in original)). "In the unlikely event that the moving party can clear this

onerous four-part threshold, he must then satisfy one of the six enumerated factors set forth in Rule 60(b)." *Id.*; *see also Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993).

Relief under Rule 60(b) is "extraordinary" and should be used "only in exceptional circumstances." *Compton v. Alton Steamship Co.*, 608 F.2d 96, 102 (4th Cir. 1979). "Motions under Rule 60(b) are vested in the sound discretion of the trial court." *Coomer*, 2000 WL 1005211, at *4. Denial of a Rule 60(b) motion is reviewed for abuse of discretion. *See*, *e.g.*, *Werner v. Carbo*, 731 F.2d 204, 206 (4th Cir. 1984); *Nat'l Credit Union Admin. Bd.*, 1 F.3d at 265.

### III. Discussion

Absent any objections, this Court reviews the Magistrate Judge's Report and Recommendation for clear error. The Court finds that the Magistrate Judge properly summarized the factual and legal issues involved and correctly concluded that the motion for relief from judgment should be denied.

Plaintiff has not shown that relief under Rule 60(b) is warranted. The Magistrate Judge correctly found that Plaintiff had not presented any of the four threshold requirements for a Rule 60(b) motion including (1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances. *Coomer*, 217 F.3d 838 (4th Cir. 2000). Instead, Plaintiff's motion restated the allegations from his original pleadings, which the Magistrate Judge correctly found was insufficient to satisfy the "exceptional circumstances" requirement.

Plaintiff references fraud under subpart (b)(3) of Rule 60 as the reason for relief. However, the Magistrate Judge recognized that Plaintiff did not identify any fraud, misrepresentation, or misconduct by an opposing party that led to the entry of judgment. (Dkt. No. 33 at 6). Finally, the

Magistrate Judge found that Plaintiff had not presented any basis for a finding under any of the other enumerated reasons found in Rule 60(b).

Finding no clear error on the face of the record, this Court accepts the Magistrate Judge's recommendation to deny Plaintiff's motion. (Dkt. No. 33).

IV. **Conclusion**

Considering the foregoing, the Court **ADOPTS** the R&R of the Magistrate Judge (Dkt. No.33) as the order of the Court and **DENIES** Plaintiff's motion.

**AND IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　s/ Richard M. Gergel
　　　　　　　　　　　　　　　　　　　　　　Richard Mark Gergel
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

May 22, 2025
Charleston, South Carolina